# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:18-CV-00008-GCM

| | |
|---|---|
| MARISSA LOVINGOOD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER COMES** before this Court on Plaintiff's Motion for Summary Judgment (Doc. No. 7) and Commissioner's Motion for Summary Judgment (Doc. No. 8). Having carefully considered the motions and reviewed the record, the Court enters the following findings, conclusions, and Order.

## I. BACKGROUND

The procedural history of this matter is as stated in the Commissioner's memorandum of law supporting the Commissioner's Motion for Summary Judgment.

The ALJ's findings relevant to this proceeding are as follows: Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2013. (Tr. 25). Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (*Id.*). Plaintiff has a combination of impairments that more than minimally affect her ability to perform work related activities and are thus considered to be "severe." (*Id.*). However, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 27).

After consideration of the entire record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> she could frequently climb ramps and stairs; she could never climb ladders, ropes, or scaffolds; she could occasionally balance, stoop, kneel, crouch, or crawl; she was limited to simple, routine, repetitive tasks; her time off task could be accommodated by normal breaks; she could have occasional interaction with supervisors, co-workers, and the public; and she could tolerate few changes in a routine work environment.

(Tr. 28). The ALJ found in the fourth step that Plaintiff is unable to perform any past relevant work. (Tr. 33). Finally, at the fifth step, the ALJ concluded based on Plaintiff's limitations that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.*). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 34).

## II. STANDARD OF REVIEW

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## III. DISCUSSION

On appeal, Plaintiff asserts the ALJ made two errors in his decision: (1) the ALJ improperly weighed the opinion evidence of Dr. Fredericksen and (2) the ALJ improperly relied upon the vocational expert ("VE") testimony.

First, Plaintiff argued that the ALJ improperly weighed the opinion evidence of Dr. Fredericksen. Dr. Fredericksen evaluated Plaintiff and provided lengthy findings that could support a finding of disability. The ALJ, however, assigned "little weight" to the opinions of Dr. Fredericksen. (Tr. 32). Plaintiff argued that the paragraph in which the ALJ stated that he gave little weight to Dr. Fredericksen's opinions was conclusory and did not meet the requirement that the ALJ give specific reasons for the weight given to opinion testimony. (Doc. No. 7-1, p. 9).

The Court agrees with Plaintiff as to the first assignment of error. Regulation 20 C.F.R. §§ 404.1527 provides the controlling standard for evaluating medical opinions in this case. Regulation 404.1527 states: "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion." 20 C.F.R. §§ 404.1527(c)(2)(ii). That requirement is consistent with Fourth Circuit law requiring the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (internal quotations omitted).

In his decision, the ALJ devoted two paragraphs to Dr. Fredericksen's opinions. The first paragraph summarized the opinions of Dr. Fredericksen. (Tr. 31). The second paragraph again summarized the opinions, but this time the ALJ noted that he gave only little weight to those opinions. In a conclusory manner, the ALJ stated: "Dr. Fredericksen assessed a range of limitations with respect to functioning and concentration that are inconsistent with the medical record and the claimant's self-reported activities." (Tr. 32). The ALJ alludes to "medical records" and "self-reported activities" but fails to provide any specific examples of contradiction that resulted in

3

"little weight" being given to Dr. Fredericksen's opinions. Without providing an adequate explanation for this decision, the ALJ left the Court powerless to conduct any meaningful review. Thus, the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion" as required by *Monroe*. That failure requires remand.

## IV. CONCLUSION

The undersigned has carefully reviewed the decision of the ALJ, the transcript of the proceedings, the motions, the briefs, and Plaintiff's assignments of error. Because the ALJ failed to support his decision with substantial evidence, the case must be remanded for further consideration. Accordingly, Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated.

### ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 7) is **GRANTED**; and

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 8) is **DENIED**; and

(4) the matter is hereby **REMANDED** for further consideration.

**SO ORDERED**.

Signed: March 28, 2019

Graham C. Mullen
United States District Judge